1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Thomas Alan BENJAMIN,                )   No. CV-06-1207-PHX-SMM
                                          )
10               Plaintiff,               )   **ORDER**
                                          )
11  v.                                    )
                                          )
12  Tim COKER, et al.,                    )
                                          )
13               Defendants.              )
                                          )
14  _____     )

15          Pending before the Court is Defendants' Motion to Dismiss and for Judgment on the

16  Pleadings, filed on May 22, 2006 [Doc. No. 8].  Plaintiff responded on May 31, 2006 [Doc.

17  Nos. 14 & 15], and Defendant filed a Reply on June 5, 2006 [Doc. No. 16].   After

18  considering the parties' briefs, the Court now issues the following ruling.

19                                  **BACKGROUND**

20          On May 1, 2006, Plaintiff Thomas Alan Benjamin filed suit in this Court. In his

21  Complaint, Plaintiff alleged that Defendant Tim D. Coker unlawfully obtained copies of his

22  Experian consumer report on three separate occasions: July 9, 2004; July 15, 2003; and, June

23  19, 2003.  As a result of these alleged unauthorized acquisitions of his consumer report,

24  Plaintiff brought a variety of federal and state claims against that Defendant Coker,

25  including: (1) willful violation of the Fair Credit Reporting Act ("FCRA"); (2) negligent

26  violation of the FCRA; (3) violation of Arizona's consumer statutes; (4) civil conspiracy; (5)

27  invasion of privacy; and (6) intentional infliction of mental distress.  In addition, Plaintiff has

28

1   brought claims for willful violation of the FCRA and civil conspiracy against Defendant

2   Sandra Hope.

3         According to Plaintiff, his consumer reports were obtained as part of a conspiracy

4   between Defendant Coker and Defendant Hope. (Dkt. 1, ¶¶ 19, 30, 44)  Plaintiff alleges that

5   Defendant Coker, an attorney who regularly reports trade line information to credit reporting

6   agencies and regularly obtains consumer reports of individuals through his subscriber rights

7   with credit reporting agencies, provides consumer reports to Defendant Hope, a private

8   investigator licensed by the State of Arizona. (Dkt. 1, ¶¶ 6,10,11) Plaintiff claims that the

9   Defendant Coker did not identify, at the times he obtained Plaintiff's Experian consumer

10   reports, the name of the "end user" as required by the FCRA and that he obtained the reports

11   without a "permissible purpose" as that term is defined by the FCRA. (Dkt. 1, ¶¶ 20, 26, 31,

12   37, 39, 45, 51)  Plaintiff further alleges that he only became aware that Defendant Coker

13   acquired his consumer reports after he received a copy of his Experian report on May 18,

14   2005 and that he has never given Defendant Coker permission to obtain his consumer report.

15   (Dkt. 1, ¶¶ 17,18)

16         As stated above, the Motion is now fully briefed and ripe for disposition by this Court.

17   **STANDARD OF REVIEW**

18         Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil

19   Procedure 12(c).  Under Rule 12(c), any party may move for judgment on the pleadings

20   "[a]fter the pleadings are closed but within such time as to not delay the trial."  Where Rule

21   12(c) is used to raise the defense of failure to state a claim, "the motion for judgment on the

22   pleadings faces the same test as a motion under Rule 12(b)(6)." McGlinchy v. Shell Chemical

23   Co., 845 F.2d 802, 810 (9th Cir. 1988).  Dismissal of a complaint is proper if "it appears

24   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

25   entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  When determining a

26   motion for judgment on the pleadings, the court should assume the allegations in the

27   complaint to be true and construe them in the light most favorable to the plaintiff.

28   McGlinchy, 845 F.2d at 810. However, "conclusory allegations without more are insufficient

1    to defeat a motion [for judgment on the pleadings]." Id.  A complaint may be dismissed as

2    a matter of law if there is a lack of cognizable legal theory or if there are insufficient facts

3    alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F. 2d 696,

4    699 (9th Cir. 1990).  The court must determine whether or not it appears to a certainty under

5    existing law that no relief can be granted under any set of facts that might be proved in

6    support of a plaintiff's claims. De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert.

7    denied, 441 U.S. 965 (1979).

8                                          **DISCUSSION**

9    **A.  Plaintiff's Federal Law Claims and the Statute of Limitations**

10           Defendants moved to dismiss any federal claims arising out of conduct alleged in ¶¶

11   28 thru 55 of Plaintiff's Complaint, arguing that these claims are time-barred under the FCRA

12   as existed prior to the 2003 amendment. (Dkt No. 8 at 3).  Plaintiff's argue that the claims are

13   timely, citing the current version of the FCRA. (Dkt. No. 15, at 4).

14           Responding to the Supreme Court's decision in TRW Inc. v. Andrews, 534 U.S. 19,

15   122 S.Ct. 441 (2001), which refused to apply an implied general discovery exception to the

16   FCRA because the statute already contained a limited discovery exception, Congress

17   amended the FCRA in 2003.  The 2003 amendment significantly altered the statute of

18   limitations contained in the prior version of the FCRA by adding a general discovery rule that

19   allows a plaintiff to bring an action for the earlier of: (1) two years after the date of discovery

20   of a violation of the FCRA, or (2) five years after the date on which the violation occurs. 15

21   U.S.C. §1681p.  The earlier version of the FCRA provided only a limited discovery rule for

22   cases involving a defendant's willful misrepresentation of material information.

23           Here, Plaintiff's allegations stem from three different acquisitions of his credit report,

24   two of which occurred prior to the 2003 amendment.  Without denying Defendant's argument

25   that the claims involving actions that occurred before the effective date of the amendment

26   to the FCRA are governed by the earlier version of the Act, the Court finds that dismissal of

27   the federal claims arising out of the conduct alleged in ¶¶ 28 thru 55 of Plaintiff's Complaint

28   would be improper.  Plaintiff's Complaint alleges that he did not discover the events giving

1  rise to this claim until May 18, 2005. (Dkt 1 at 4).  Assuming the allegations in the Complaint

2  are true and construing them in a light most favorable to Plaintiff, the Court finds the claims

3  arising under the FCRA are  timely because Plaintiff's Complaint was filed less than two

4  years from the date he discovered Defendants' alleged violations and less than five years

5  from the initial alleged violation.  However, this finding does not preclude Defendant from

6  raising the statute of limitations defense in a later motion, where additional facts may be able

7  to establish that the unamended version of the FCRA controls Plaintiff's claims.

8  **B. Liability Under the 'End User' Theory**

9       Defendant argues that "to the extent Plaintiff's [C]omplaint relies on the Defendants'

10  alleged failure to disclose the 'end user' as the predicate 'misrepresentation' for liability under

11  the FCRA, the FCRA allegations in the Complaint must be dismissed." (Dkt No. 8 at 4).

12  Defendants' claim that they are neither resellers of consumer reports required to disclose end

13  users (Dkt. 8 at 4), nor "consumer reporting agencies" obligated to disclose end users (Dkt.

14  16 at 2-3).  Plaintiff counters by claiming that Defendant Hope and Defendant Coker both

15  meet the definition of consumer reporting agencies based on their actions. (Dkt. 15, section

16  D).

17       Based on the causes of action raised in Plaintiff's Complaint, Defendants' alleged

18  failure to disclose the 'end user' is only relevant to the second count of Plaintiff's causes of

19  action against Defendant Coker: Negligent Violation of Fair Credit Reporting Act. (Dkt 1 at

20  ¶¶61-64).   Here, Plaintiff claims that Defendant Coker obtained Plaintiff's Experian

21  consumer report in violation of 15 U.S.C. § 1681o, which imposes civil liability upon "[a]ny

22  person who is negligent in failing to comply with any requirement imposed under [15 U.S.C.

23  § 1681 et seq.] with respect to any consumer."  Specifically, Plaintiff alleges that Defendant

24  Coker negligently failed to "establish and follow reasonable procedures to assure the

25  maximum possible accuracy of the information on his consumer report, including the name

26  of the end user." (Dkt 1 at ¶ 62).

27       The required compliance procedures under the FCRA are found in 15 U.S.C. § 1681e.

28  Plaintiff's Complaint does not specify which requirement of the FCRA Defendants

1    negligently failed to follow.  Under 15 U.S.C. § 1681e(e)(1), "a person may not procure a

2    consumer report for purposes of reselling the report unless the person discloses to the

3    consumer reporting agency that originally furnishes the report the identity of the end-user

4    of the report (or information) and each permissible purpose...for which the report is furnished

5    to the end-user."  Defendants assumed Plaintiff was referring to this provision of the FCRA

6    and argued that they were not liable because they did not procure Plaintiff's consumer report

7    for purposes of reselling it.  Plaintiff's response does not address the issue of whether or not

8    Defendants procured the report for purposes of reselling it; rather, Plaintiff simply alleges

9    that Defendants are liable because they meet the definition of "consumer reporting agencies."

10   Based on Plaintiff's Complaint as well as his Opposition to Defendants' Motion to Dismiss,

11   it appears that Plaintiff may be alleging a violation of 15 U.S.C. § 1681e(b) because this

12   section applies to "consumer reporting agencies" and incorporates the exact language

13   provided in Plaintiff's Complaint.[1]  However, this section does not refer to "end-users."

14   Therefore, the Court will dismiss Plaintiff's claim regarding the failure to disclose the end

15   users of the consumer reports as required by the FCRA.

16         A complaint may be dismissed as a matter of law if there is a lack of cognizable legal

17   theory or if there are insufficient facts alleged under a cognizable legal theory. Balistreri, 901

18   F. 2d 696, 699.  Here, the Court finds that Plaintiff has not raised a cognizable legal theory

19   or provided enough information to support a cognizable legal theory.  Plaintiff states that

20   Defendant Coker is liable for negligent noncompliance under 15 U.S.C. § 1861o, but does

21   not state which requirement imposed by the FCRA he negligently violated.  If, as Defendant

22   assumed, Plaintiff's negligence theory is based on 15 U.S.C. § 1681e(e)(1), then Plaintiff was

23   required to allege that Defendant Coker procured the consumer report for purposes of

24

25         [1] 15 U.S.C. § 1681e(b) provides: "Whenever a consumer reporting agency prepares a
     consumer report it shall follow reasonable procedures to assure maximum possible accuracy
26   of the information concerning the individual about whom the report relates."  Count Two of
     Plaintiff's Complaint alleges that Defendant Coker negligently failed to "establish and follow
27   reasonable procedures to assure the maximum possible accuracy of the information on his
     consumer report, including the name of the end user." (Dkt 1 at ¶ 62).
28

1   reselling the report.  If Plaintiff's negligence theory was based on Defendant Coker's failure
2   to comply with 15 U.S.C. § 1681e(b), then it is unclear why Plaintiff's Complaint explicitly
3   refers to Defendant Coker's failure to verify the name of the end user. (Dkt. 1, ¶ 62)  Because
4   the Court will not engage in speculation to resolve the ambiguities resulting from Plaintiff's
5   imprecise pleadings, "Count Two" of Plaintiff's causes of action against Defendant Coker is
6   dismissed.

7   **C. Plaintiff's State Law Claims**

8       Defendants attack Plaintiff's state law claims on a variety of grounds, arguing: (1)
9   Plaintiff's state law claim for invasion of his right to privacy us preempted by 15 U.S.C. §
10  1681h(e); (2) neither defendant is a "consumer reporting agency" and therefore cannot be
11  held liable under A.R.S. § 44-1692; (3) there is no private cause of action under A.R.S. § 44-
12  1696; and, (4) there is no cause of action for invasion of right to privacy in Arizona.  The
13  Court will address each of Defendants' arguments in turn.

14  1. Plaintiff's Claim for Invasion of Right to Privacy is Not Preempted

15      The Court will not dismiss Plaintiff's claim for invasion of his right to privacy because
16  this claim is not preempted by 15 U.S.C. § 1681h(e).  Pursuant to 15 U.S.C. § 1681h(e),
17  consumers may not bring state common law defamation claims "except as to false
18  information furnished with malice or willful intent to injure" such consumers.  Because
19  Plaintiff's Complaint alleges that Defendants "willfully and knowingly" violated the FCRA,
20  the Court finds that his claim for invasion of privacy is not preempted. (Dkt 1, at ¶¶ 19, 30,
21  44).

22  2. Defendants' Status as a Consumer Reporting Agency under A.R.S. § 44-1691

23      Defendants' argue that Plaintiff's claim for relief under A.R.S. § 44-1692 should be
24  dismissed because that statute only applies to consumer reporting agencies and that neither
25  Defendant Coker nor Defendant Hope meet the definition of "consumer reporting agency.".
26  (Dkt 8 at 6).  Plaintiff argues that the claims are appropriate because "defendants' actions
27  accrue to them the status of a consumer reporting agency." (Dkt. 15 at section E(1)).
28      Assuming Plaintiff's allegations are true and construing them in a light most favorable

1   to him, the Court finds that Plaintiff has alleged facts sufficient to support his claim that

2   Defendant Coker, the only defendant charged with violating A.R.S. § 44-1692, meets the

3   definition of a "consumer reporting agency."  Under A.R.S. § 44-1691(2),   a "'consumer

4   reporting agency' means any person which, for monetary fees, dues, or on a cooperative

5   nonprofit basis, regularly engages in whole or in part in the practice of assembling or

6   evaluating consumer credit information on consumers for the purpose of furnishing consumer

7   reports to third parties." Plaintiff's Complaint alleges that Defendant Coker "regularly reports

8   trade line information to credit reporting agencies" and that Defendant Hope "obtains

9   consumer report of individuals from Defendant Coker." (Dkt. 1 at ¶¶6, 11).  Thus, Plaintiff

10  has alleged facts sufficient to support his claim against Defendant Coker.

11  3. Criminal Liability Under A.R.S. § 44-1696

12      Defendants' argue that since A.R.S. § 44-1696 imposes criminal liability, there is no

13  private right of action under the statute and Plaintiff's claim should be dismissed. (Dkt. 8 at

14  6).  Plaintiff contends that general rules of interpretation as well as federal and state case law

15  shows that a private cause of action exists. (Dkt. 15 at Section E).

16      Under Arizona law, whether or not an implied private cause of action exists is

17  determined by examining the context of the statutes, the language used, the subject matter,

18  the effects and consequences, and the spirit and purpose of the law.  Transmerica Financial

19  Corp. v. Superior Court in and For Maricopa County, 158 Ariz. 115, 116, 761 P.2d 1019

20  (1988).  The Court finds that there is no implied private cause of action under A.R.S. § 44-

21  1696.  The private cause of action contemplated by the legislature is clearly provided under

22  A.R.S. § 44-1695.  Here, the legislature has provided a private cause of action against a

23  consumer reporting agency, user of information or source of information who is "grossly

24  negligent in the use or preparation of a consumer report" or "who acts willfully and

25  maliciously with intent to harm a consumer." A.R.S. § 44-1695(C).  In addition, a consumer

26  reporting agency is liable for "any damages and attorney fees and court costs that are

27  incurred by a consumer and that result from reporting of inaccurate information that a

28  consumer reporting agency refuses to correct as provided in section 44-1694." A.R.S.§ 44-

1    1695(B).   Therefore, the Court will dismiss Plaintiff's claims under A.R.S. § 44-1696 as a

2    matter of law for failing to state a claim.

3    <u>4. Arizona Recognizes a Cause of Action for Invasion of Privacy</u>

4           Defendants' final argument that Arizona does not recognize a cause of action for

5    invasion of privacy is incorrect and the authority they cite to support this argument

6    contradicts this position.  <u>See Godbehere v. Phoenix Newspapers</u>, 162 Ariz. 335, 783 P. 2d

7    781 (1989) (providing a detailed explanation of the development of the right of privacy in

8    the United States as well as Arizona).   In particular, Defendants fail to recognize the

9    distinction between the constitutional right to privacy and the tort of invasion of privacy.

10

11    **CONCLUSION**

12           For the reasons set forth above,

13           **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and for

14    Judgment on the Pleadings (Dkt. 8) is **GRANTED IN PART** and **DENIED IN PART** as

15    follows:

16           <u>GRANTED Without Prejudice</u>:

17           Count Two (Dkt. 1, ¶¶ 61-64) of Plaintiff's Causes of Action against Defendant Coker,

18    Negligent Violation of FCRA, and Plaintiff's claims brought under A.R.S. § 44-1696 (Dkt.

19    1, ¶ 66(b), "Prayer for Relief Against Defendant Coker," section (c), and "Prayer for Relief

20    Against Defendant Hope," section (m)) are DISMISSED WITHOUT PREJUDICE and

21    WITH LEAVE TO AMEND.  If Plaintiff chooses to amend any of the foregoing Counts or

22    paragraphs, he must file an Amended Complaint no later than **November 17, 2006.**

23    //

24    //

25    //

26    //

27

28

1    <u>DENIED</u>: Paragraphs 28-55, paragraph 73, paragraph 66(a) and paragraph 74 properly

2    state claims where Plaintiff may be entitled to relief and therefore Court will DENY

3    Defendant's Motion for Judgment on the Pleadings as to those claims.

4    DATED this 2nd day of November, 2006.

Stephen M. McNamee
United States District Judge