**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Alan BENJAMIN, | No. CV-06-1207-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Tim COKER, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Thomas Alan Benjamin's ("Plaintiff") Motion for Discovery Pursuant to Fed. R. Civ. P. 56(f). (Doc. No. 19). Plaintiff seeks leave to conduct discovery to "adequately respond" to Defendants' Motion for Summary Judgment. (Doc. No. 19 at 2). Defendants Tim Coker and Sandra Hope ("Defendants") filed a Response to Plaintiff's motion on July 12, 2006. (Doc. No. 21). After considering the arguments raised in the written briefs, the Court now issues the following ruling.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(f) permits the Court to refuse an application for summary judgment or order a continuance to allow the non-moving party to conduct additional discovery in certain circumstances: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . ." Although a Rule 56(f) affidavit does not need to present evidence

1  going to the merits of the case, the moving party "must show (1) that they have set forth in
2  affidavit form the specific facts that they hope to elicit from further discovery, (2) that the
3  facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary
4  judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998).
5  "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is
6  almost certainly nonexistent or is the object of pure speculation." Terrell v. Brewer, 935 F.2d
7  1015, 1018 (9th Cir. 1991).  "Where...a summary judgment motion is filed so early in the
8  case, district courts should grant any Rule 56(f) motions fairly freely." Burlington Northern
9  & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 773 (9th Cir. 2003).

## II.  DISCUSSION

11  Defendants properly moved for summary judgment just over a month after the case
12 was filed.  Plaintiff asserts that formal discovery is required to reveal the facts necessary to
13 determine Defendants' compliance with the Fair Credit Reporting Act ("FCRA") and enable
14 Plaintiff to respond to Defendants' motion for summary judgment.  As the party opposing the
15 motion for summary judgment, Plaintiff has the burden of establishing that additional
16 discovery is  proper under Rule 56(f).

17  *1. Affidavit of Plaintiff's Counsel*

18  Attached to Plaintiff's Rule 56(f) request is the affidavit of his counsel, Richard
19 Groves.  Mr. Groves avers a number of specific facts that he hopes to elicit from further
20 discovery, including that he "needs...to determine....what specific business relationship
21 existed between Defendant Coker and Plaintiff that permitted him to obtain Plaintiff's
22 consumer report for 'collection' purposes" and "what 'permissible purpose' Defendant Coker
23 had for accessing Plaintiff's consumer report three times." (Doc. No. 19, Attachment 2, ¶ 4).
24 In addition, Mr. Groves declares that discovery will determine whether Defendant Hope had
25 a permissible purpose under the FCRA for obtaining Plaintiff's consumer report three times.
26 Additionally, Mr. Groves seeks to investigate the circumstances surrounding Plaintiff's
27 authorization to Defendant Hope to obtain his reports. (Id. at ¶5).

28 *2. Existence of Facts Sought*

1   There is undisputed evidence that Defendant Hope, using Defendant Coker's Experian
2   subscription, obtained copies of Plaintiff's consumer report on three separate occasions and
3   that Plaintiff gave Defendant Hope written permission to retrieve his personal credit report.
4   However, the facts surrounding Defendant Coker's business relationship with Defendant
5   Hope and the nature of Plaintiff's written authorization to Defendant Hope, remain contested.
6   Thus, the Court finds that some of the facts sought by Plaintiff in this case are not the object
7   of pure speculation or non-existent and are capable of being discovered.

8   *3. Essentialness of Facts Sought*

9   The nature of Plaintiff's written authorization to Defendant Hope, the business
10  relationship between Defendant Coker and Defendant Hope, and the propriety of Defendant
11  Hope's use of Defendant Coker's Experian subscription for her work as a private investigator,
12  are all essential to Plaintiff's ability to oppose Defendant's motion for summary judgment.

13  Therefore, the Court finds that Plaintiff has satisfied the requirements of Rule 56(f)
14  of the Fed. R. of Civ. P. and will grant Plaintiff's motion for discovery.

15  Accordingly,

16  **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion for Discovery Pursuant
17  to Fed. R. Civ. P. 56(f) (Doc. No. 19).  The Court shall set a Preliminary Pretrial Conference
18  in this matter at which point a schedule for discovery and deadlines for responding to
19  pending dispositive motions will be established.

20  DATED this 17th day of November, 2006**.**

_____
Stephen M. McNamee
United States District Judge