**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Alan BENJAMIN,<br><br>    Plaintiff,<br><br>v.<br><br>Tim COKER, et al.,<br><br>    Defendants. | No. CV-06-1207-PHX-SMM<br><br>**ORDER** |

    Pending before the Court is Defendants' Motion for Reconsideration Re: Statute of Limitations (Dkt. 28). The Court will require Plaintiff to respond to this motion. No reply will be permitted.

## BACKGROUND

    Defendants ask the Court to reconsider a portion of an Order issued on November 3, 2006. Specifically, Defendants argue that the claims made in ¶¶ 28 thru 55 of Plaintiff's Complaint are time-barred under the Fair Credit Reporting Act ("FCRA"). Congress amended the FCRA in 2003 by adding a general discovery rule that allows plaintiffs to bring an action for the earlier of: (1) two years after the date of discovery of a violation of the FCRA, or (2) five years after the date on which the violation occurs. 15 U.S.C. § 1681p. The pre-2003 version of the FCRA provided only a limited discovery rule for cases involving a defendant's willful misrepresentation of material information.

    Beyond the instant Motion for Reconsideration pending before the Court, Defendants also have an outstanding Motion for Summary Judgment (Dkt. 17). However, the Court

1 issued a stay on the Motion for Summary Judgment pursuant to Rule 56(f) of the Federal
2 Rules of Civil Procedure so that Plaintiff could conduct discovery to adequately respond to
3 Defendants's motion. (Dkt. 27).  In addition, a Scheduling Conference is currently set for
4 January 24, 2007.

## DISCUSSION

6 Defendants filed their Motion for Reconsideration on December 4, 2006.  The Order
7 they ask the Court to reconsider was issued on November 3, 2006.  Pursuant to Rule 7.2(g)
8 of the Rules of Practice of the United States District Court for the District of Arizona ("Local
9 Rules"), "[a]bsent good cause shown, any motion for reconsideration shall be filed not later
10 than ten (10) days after the filing of the Order that is the subject of the motion."  Thus, the
11 motion to reconsider was untimely because Defendants have not shown good cause.

12 However, rather than denying Defendants' motion pursuant to LRCiv 7.2(g), the Court
13 finds it more prudent to resolve the statute of limitations issue immediately.  Whether
14 Plaintiff's claims are time-barred by the FCRA is purely a question of law and the Court finds
15 that Plaintiff can adequately address this issue without conducting additional discovery.
16 Therefore, the Court will order Plaintiff to respond the Defendants' Motion for
17 Reconsideration Re: Statute of Limitations (Dkt. 28) and address why the claims made in ¶¶
18 28 thru 55 of his Complaint are not time-barred under the FCRA.

19 In addition, since the statute of limitations issue has the potential to significantly
20 impact the course of the entire action, the Court will vacate the Scheduling Conference
21 currently set for January 24, 2007. This conference will be rescheduled once the motion for
22 reconsideration is resolved.  Finally, the Court will deny Defendants' Motion for Summary
23 Judgment (Dkt. 17) without prejudice and allow Defendants's to re-file their motion after the
24 motion for reconsideration is resolved.

## CONCLUSION

26 Accordingly,

27 **IT IS HEREBY ORDERED** that Plaintiff shall have through **February 2, 2007**, to
28 file a response to Defendants's Motion to Reconsider.

1  **IT IS FURTHER ORDERED** that the Scheduling Conference set for January 24, 2007, is **VACATED**. The Court will reschedule the Scheduling Conference after ruling on the motion for reconsideration.

4  **IT IS FURTHER ORDERED** that Defendants's Motion for Summary Judgment (Dkt. 17) is **DENIED WITHOUT PREJUDICE.** Defendants may re-file a motion for summary judgment after the Court rules on the motion for reconsideration.

DATED this 17th day of January, 2007.

_____
Stephen M. McNamee
United States District Judge