**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Alan BENJAMIN, ) | No. CV-06-1207-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| Tim COKER, et al., ) | |
| Defendants. ) | |

Pending before the Court is Defendants's Motion for Reconsideration Re: Statute of Limitations (Dkt. 28). Plaintiff responded on February 2, 2007 (Dkt. 31) and the Court did not request a reply. After considering the arguments raised by the parties in their briefs, the Court issues the following decision.

**BACKGROUND**

Defendants ask the Court to reconsider the denial of their Motion to Dismiss ¶¶ 28 thru 55 of Plaintiff's Complaint. Defendants argue that the claims made in ¶¶ 28 thru 55 of Plaintiff's Complaint are time-barred under the Fair Credit Reporting Act ("FCRA") as it existed prior to the 2003 amendment. In an Order issued on November 3, 2006, the Court abstained from ruling on this issue; however, the Court expressly provided the Defendants with an opportunity to raise the statute of limitations issue in a later motion. (Dkt. 25 at 3-4). Renewing their argument that the claims made in ¶¶ 28 thru 55 of Plaintiff's Complaint are time-barred under the FCRA, Defendants once again ask the Court to rule on this issue.

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). However, these rules only provide relief from judgments that are "final, appealable orders." *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Rule 59(e) allows for the alteration or amendment of a "judgment" within ten days after "entry of the judgment," FED. R. CIV. P. 59(e), where "judgment" is defined as a decree and any order from which an appeal lies. FED. R. CIV. P. 54(a). Rule 60(b) does not provide relief from judgments, orders, or proceedings which are not "final," that is, are not final decisions within the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958); see also FED. R. CIV. P. 60(b) advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. *Lundgren*, 259 F.2d at 104; *see generally also John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82 (1922).

Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a

manifest injustice would otherwise result. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.), *cert. denied*, 508 U.S. 951 (1993).

## II. DISCUSSION

Defendants argue that the claims made in ¶¶ 28 thru 55 of Plaintiff's Complaint are time-barred under the Fair Credit Reporting Act ("FCRA") as it existed prior to the 2003 amendment. Plaintiff responded by arguing that because Congress did not expressly provide for the retroactive application of the FCRA, judicial default rules as to retroactivity should be applied to allow his claims. Since the amendment to the FCRA was curative, Plaintiff argues, Congress intended it to be applied retroactively. While the Court agrees that the discovery rule was curative in nature, the Court finds that the amendment should not be applied retroactively.

Congress amended the FCRA in 2003 by adding a general discovery rule that allows plaintiffs to bring an action for the earlier of: (1) two years after the date of discovery of a violation of the FCRA, or (2) five years after the date on which the violation occurs. 15 U.S.C. § 1681p. This amendment became effective on March 31, 2004. Pub. L. No. 108-159, §3, 117 Sta. 1952 (2003). The pre-2003 version of the FCRA provided only a limited discovery rule for cases involving a defendant's willful misrepresentation of material information; otherwise, an action brought under the FCRA had to be brought "within two years from the date on which liability arises."[1] *TRW Inc. v. Andrews*, 534 U.S. 19, 22 (2001)

Plaintiff claims that Defendant Tim. D. Coker, doing business as the Law Offices of Tim D. Coker, obtained copies of Plaintiff's credit report on July 15, 2003 and June 19, 2003 without authorization and in violation of various provisions of the FCRA. (Dkt. 1, ¶¶ 28-55). Plaintiff alleges in his Complaint that he did not discover these acquisitions until he reviewed

---

[1] In order to distinguish between the present version of the FCRA and the version of the FCRA in place prior to the 2003 amendment, the Court will refer to the latter as the "pre-2003 version of the FCRA."

- 3 -

1 his credit report on May 18, 2005. *Id*. Defendants argue that the claims arising from these
2 acquisitions- the claims made in ¶¶ 28 thru 55 of Plaintiff's Complaint-- are time-barred
3 under the FCRA. According to Defendants, Plaintiff had until June 19, 2005 and July 15,
4 2005, respectively, to initiate an action for claims made in ¶¶ 28 thru 55 of his Complaint.
5 Plaintiff brought this action on May 1, 2006. (Dkt. 1).

6 Whether a statute may be applied retroactively is a pure question of law. *Chenault v.*
7 *United States Postal Serv.*, 37 F.3d 535 (9th Cir. 1994) (citing *United States v. Alpine Land*
8 *and Reservoir Co.*, 878 F. 2d 1217, 1222 (9th Cir. 1989)). The Supreme Court has
9 consistently emphasized that the law does not favor retroactive application of statutes.
10 *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264 (1994); *See also Eastern Enterprises v.*
11 *Apfel*, 524 U.S. 498, 532 (1998). Indeed, the "presumption against retroactive legislation is
12 deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our
13 Republic....Settled expectations should not be lightly disrupted." *Landgraf*, 511 U.S. at 256.

14 Under the scheme created by the Supreme Court in *Landgraf*, courts must scrutinze
15 each provision of a statute to determine whether it is "substantive" or "procedural." *Chenault*,
16 37 F.3d at 538. If a statutory provision is substantive, then a presumption against retroactive
17 application applies; if it is procedural, then a presumption in favor of retroactive application
18 attaches. *Id*. As the 9th Circuit previously held in *Chenault*, a newly enacted statute that
19 lengthens the applicable statute of limitations may not be applied retroactively to revive a
20 plaintiff's claim that was otherwise barred under the old statutory scheme because to do so
21 would "'alter the substantive rights' of a party and 'increase a party's liability.'" *Id*. at 539
22 (quoting *Landgraf*, 511 U.S. 244).

23 In the instant action, Defendants' rights would be altered and their liability increased
24 because they are being forced to defend an action that was previously time-barred. Plaintiff
25 had until June 19, 2005 and July 15, 2005, respectively, to initiate an action for claims made

1 in ¶¶ 28 thru 55 of his Complaint.[2] Because Plaintiff failed to timely pursue the claims raised in ¶¶ 28 thru 55 of his Complaint, the Court will dismiss those claims with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants's Motion for Reconsideration Re: Statute of Limitations (Dkt. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims raised in ¶¶ 28 thru 55 of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference will be held on **March 12, 2007 at 10:00 a.m.** before the Honorable Stephen M. McNamee in Courtroom 605 at 401 West Washington Street in Phoenix, Arizona. The parties are directed to consult the Court's November 15, 2006 Order (Dkt. 26) to review the requirements for this Conference.

DATED this 6th day of February, 2007.

Stephen M. McNamee
United States District Judge

---

[2] These dates were calculated by adding two years to the dates provided in ¶¶ 28 and 42 of Plaintiff's Complaint.