**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas Alan Benjamin, ) | No. CIV 06-1207-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| v. ) |  |
| Tim Coker, et al., ) |  |
| Defendants. ) |  |

Before the Court is a flurry of activity, much of which could have been avoided. The Scheduling Order in this case established January 18, 2008 as the dispositive motion deadline. (Dkt. 43, Order dated Apr. 26, 2007.) On January 12, 2008, Defendants Hope Family Trust, Hope Family Revocable Trust, and Mate Check LLC ("Trust Defendants") filed a motion for summary judgment and separate statement of facts.[1] (Dkts. 48, 49.) On January 17, 2008, Defendants John Doe Hope, Tim Coker, and Sandra J. Hope ("Hope Defendants") attempted to file a motion for summary judgment and statement of facts. (Dkts. 50, 51.) In actuality, both filings were Hope Defendants' statement of facts; no "motion" for summary judgment was filed.

---

[1] Defendants' separate statement of facts was incorrectly filed as a motion for summary judgment. The Clerk of the Court modified the entry from "motion for summary judgment" to "statement of facts in support of motion." (Dkt. 49.)

On February 19, 2008, Plaintiff filed a motion to strike Hope Defendants' statement of facts, asserting that he should not be required to respond to the statement of facts because it did not accompany a motion for summary judgment. (Dkt. 57.) Hope Defendants responded to Plaintiff's motion to strike, requesting that the Court deny the motion to strike as "frivolous." (Dkt. 71.) Hope Defendants asserted that they timely filed the "motions," and attached the ECF notifications. (Id.) Hope Defendants also filed a "Notice of Due Date" asserting that Plaintiff's responses to Hope Defendants' motion for summary judgment were past due and untimely.[2] (Dkt. 74.) Plaintiff responded by asserting that Hope Defendants had not filed a motion for summary judgment and that he had no duty to respond to a statement of facts unaccompanied by a motion for summary judgment. (Dkts. 76, 79.) Hope Defendants replied by again asserting that document 50 was a "motion" as shown by the ECF system, and requested that the Court "close briefing and consider these motions 'at issue.'" (Dkt. 80.)

Also on February 19, 2008, Plaintiff filed a response to Trust Defendants' motion for summary judgment. (Dkts. 60, 61.) Trust Defendants filed a "Notice of Untimely Filed Documents," asserting that documents filed by Plaintiff in response to their motion for summary judgment were filed after the responsive deadline.[3] (Dkt. 73.) Plaintiff responded by stating that he calendared the response date based upon a receipt date of the first "judicial day" after filing, as Trust Defendants filed their motion for summary judgment on a Saturday. (Dkt. 75.) Plaintiff requests that the Court consider his

---

[2] The Notice of Due Date incorrectly identifies the responsive deadline as February 18, 2008. As February 18, 2008 was a legal holiday, it could not serve as the last day of the responsive period. Fed. R. Civ. P. 6(a)(3), (4)(A). Moreover, three days would be added "after the period would otherwise expire"—February 19, 2008—making the correct responsive deadline February 22, 2008. Fed. R. Civ. P. 6(d); see also LRCiv 5.5(h) ("Registration as an ECF user constitutes consent to the electronic service of all documents . . . for purposes of [Federal] Rule 5(b)(2)(D).").

[3] Trust Defendants also fail to add three days as required by Federal Rule of Civil Procedure 6(d). The correct responsive deadline was therefore February 14, 2008. See also LRCiv 5.5(h).

1 responsive documents timely because his docketing computation was an inadvertent error
2 made in good faith, and Trust Defendants did not allege any prejudice or move to strike
3 his responsive pleadings.  (Id.)

4     Regarding Hope Defendants' misnamed "motion for summary judgment"
5 (Dkt. 50), the Court notes the time and client costs unnecessarily expended in this matter.
6 In total, eight documents have been filed on account of Hope Defendants' failure to file
7 the proper document.  Moreover, Hope Defendants could have discovered their error by
8 examining the documents filed on the docket report, rather than relying on the labels
9 erroneously attached thereto and reflected by the ECF notifications.  The Court also notes
10 that although adversarial tensions increase throughout litigation, Plaintiff could have
11 avoided this confusion by extending professional courtesy to Hope Defendants and
12 notifying them of the error.

13     To facilitate resolution of this matter on the merits, the Court will grant Hope
14 Defendants until March 21, 2008 to file a motion for summary judgment in place of the
15 statement of facts erroneously filed as a "motion."  Responsive and reply deadlines shall
16 be determined per Federal Rule of Civil Procedure 6.  The Court will deem Plaintiff's
17 response to Trust Defendants' motion for summary judgment as timely.  Accordingly,

18     **IT IS HEREBY ORDERED** that Defendants John Doe Hope, Tim Coker, and
19 Sandra J. Hope shall have until **Friday, March 21, 2008 at 5:00 p.m.** to file a motion for
20 summary judgment.

21     **IT IS FURTHER ORDERED** that Plaintiff's documents filed in response to
22 Defendants Hope Family Trust, Hope Family Revocable Trust, and Mate Check LLC's
23 motion for summary judgment (Dkts. 59-64) shall be deemed timely filed.

24     DATED this 12th day of March, 2008.

25
26                         _____
27                             Stephen M. McNamee
                            United States District Judge
28