**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Alan Benjamin, | No. CIV 06-1207-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| Tim Coker, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Summary Judgment as to Liability of Defendant Tim D. Coker ("Motion for Summary Judgment) (Dkt. 55), and Defendants' Motion to Strike Affidavit of Richard LeFebvre (Dkt. 70).

**BACKGROUND**

On May 1, 2006, Plaintiff Thomas Alan Benjamin filed suit in this Court. In his Complaint, Plaintiff alleged that Defendant Tim D. Coker unlawfully obtained copies of his Experian consumer report on three separate occasions: July 9, 2004; July 15, 2003; and, June 19, 2003. As a result of these alleged unauthorized acquisitions of his consumer report, Plaintiff brought a variety of federal and state claims against that Defendant Coker, including: (1) willful violation of the Fair Credit Reporting Act ("FCRA"); (2) negligent violation of the FCRA; (3) violation of Arizona's consumer statutes; (4) civil conspiracy; (5) invasion of privacy; and (6) intentional infliction of mental distress. In

addition, Plaintiff has brought claims for willful violation of the FCRA and civil conspiracy against Defendant Sandra Hope.

According to Plaintiff, his consumer reports were obtained as part of a conspiracy between Defendant Coker and Defendant Hope. (Dkt. 1, Compl. ¶¶ 19, 30, 44.) Plaintiff alleges that Defendant Coker, an attorney who regularly reports trade line information to credit reporting agencies and regularly obtains consumer reports of individuals through his subscriber rights with credit reporting agencies, provides consumer reports to Defendant Hope, a private investigator licensed by the State of Arizona. (Compl. ¶¶ 6,10,11.) Plaintiff claims that the Defendant Coker did not identify, at the times he obtained Plaintiff's Experian consumer reports, the name of the "end user" as required by the FCRA and that he obtained the reports "under false pretenses" as that term is defined by the FCRA. (Compl. ¶¶ 20, 26, 31, 37, 39, 45, 51.) Plaintiff further alleges that he only became aware that Defendant Coker acquired his consumer reports after he received a copy of his Experian report on May 18, 2005 and that he has never given Defendant Coker permission to obtain his consumer report. (Compl. ¶¶ 17, 18.)

Upon motion by Defendants, the Court dismissed Count Two as against Defendant Coker and Plaintiff's claims brought under A.R.S. § 44-1696. (Dkt. 25, Order dated Nov. 3, 2006.) The Court also dismissed the claims raised in paragraphs 28 through 55 of Plaintiff's Complaint on the basis of the statute of limitations. (Dkt. 32, Order dated Feb. 6, 2007.) Plaintiff now seeks summary judgment as to liability of Defendant Coker for violation of the FCRA. (Dkt. 55, Pl.'s Mot. for Summ. J.) Defendant Coker seeks to strike and preclude the use of any affidavit written by Plaintiff's expert Richard LeFebvre. (Dkt. 70, Defs.' Mot. to Strike.)

**STANDARD OF REVIEW**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

1  Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive
2  law determines which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242,
3  248 (1986); see also Jesinger, 24 F.3d at 1130.  "Only disputes over facts that might
4  affect the outcome of the suit under the governing law will properly preclude the entry of
5  summary judgment."  Anderson, 477 U.S. at 248.  The dispute must also be genuine, that
6  is, the evidence must be "such that a reasonable jury could return a verdict for the
7  nonmoving party."  Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  Celotex, 477 U.S. at 323-24.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994).  The moving party need not disprove matters on which the opponent has the burden of proof at trial.  See Celotex, 477 U.S. at 323-24.  The nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  A trial court can only consider admissible evidence in ruling on a motion for summary judgment.  Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

**DISCUSSION**

As resolution of Defendants' Motion to Strike will impact the evidence available to decide Plaintiff's Motion for Summary Judgment, the Court will first address the Motion to Strike.

//
//
//

**A.     Defendants' Motion to Strike (Dkt. 70)**

Defendants seek to preclude the testimony of Richard LeFebvre and the use of any affidavit written by LeFebvre because LeFebvre was "not properly disclosed as an expert witness pursuant to Rule 26(a)(2)." (Defs.' Mot. to Strike 1.)[1]

The Scheduling Order in this case required Plaintiff to disclose the identity of his experts by May 18, 2007. (Dkt. 43, Order dated April 26, 2007 2:9.) Such disclosure was to include all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B). (Id. at 2:15-20.) Defendant Coker contends that LeFebvre's testimony has not been properly disclosed and Plaintiff failed to comply with a discovery request concerning LeFebvre. (Defs.' Resp. 7:7-9.) Plaintiff states that "Mr. LeFebvre passed away prior to being formally identified as Plaintiff's expert witness." (Dkt. 89, Pl.'s Reply in Support of Mot. for Summ. J. 4.) Plaintiff further asserts that Mr. LeFebvre's affidavit nevertheless "is proper evidence to show the lack of a genuine issue of material fact in this matter." (Id.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff does not contend that LeFebvre's written report was disclosed as required by the Court's Order and the Rule 26(a)(2)(B). (See Pl.'s Reply at 4.) Plaintiff offers nothing to substantially justify his failure to disclose the required information, nor does he contend that his failure was harmless. Defendants' Motion to Strike will be granted, and the LeFebvre affidavit will not be considered in deciding Plaintiff's Motion for Summary Judgment.

---

[1] The Local Rules state that an objection to the admission of evidence offered in support of a motion for summary judgment must be presented in the objecting party's responsive memorandum or response to separate statement of facts, and not in a separate motion to strike. LRCiv 7.2(m). Defendants' position regarding the LeFebvre affidavit is also presented in their responsive memorandum and controverting statement of facts. (Dkt. 68, Defs.' Resp. to Mot. for Summ. J. 7:4-8:7; Dkt. 67, Defs.' Statement of Facts ¶ 10.)

- 4 -

1   **B.      Plaintiff's Motion for Summary Judgment as to Liability (Dkt. 55)**

2   Plaintiff seeks summary judgment as to liability against Defendant Coker for
3   violation of the FCRA.  (Pl.'s Mot. for Summ. J. 1.)  The FCRA imposes civil liability
4   upon a "natural person for obtaining a consumer report under false pretenses or
5   knowingly without a permissible purpose."  15 U.S.C. § 1681n(a)(1)(B).  Plaintiff
6   contends that Defendant Coker obtained Plaintiff's Experian report under false pretenses.
7   (Pl.'s Mot. for Summ. J. 3.)  The LeFebvre affidavit is the only evidence Plaintiff
8   provides to support his contention.  (Dkt. 52, Pl.'s Statement of Facts ("PSOF") ¶ 10;
9   Pl.'s Mot. for Summ. J. 4-5.)  As Mr. LeFebvre's evidence will not be considered for
10  reasons given above, and as Plaintiff provides no other authority that Defendant Coker's
11  conduct constituted false pretenses, Plaintiff's Motion for Summary Judgment will be
12  denied.

13  Accordingly,

14  **IT IS HEREBY ORDERED** granting Defendants' Motion to Strike (Dkt. 70).

15  **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Summary Judgment
16  as to Liability of Defendant Tim D. Coker (Dkt. 55).

17  DATED this 22nd day of May, 2008.

Stephen M. McNamee
United States District Judge