**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Alan Benjamin, | No. CIV 06-1207-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| Tim Coker, et al., | |
| Defendants. | |

Before the Court are Defendants Hope Family Trust, Hope Family Revocable Trust, and Matecheck L.L.C.'s ("Defendants") Motion for Summary Judgment (Dkt. 48), and Plaintiff's Motion to Strike Exhibit A to Defendants' Statement of Facts ("Motion to Strike") (Dkts. 59, 62).

## BACKGROUND

On May 1, 2006, Plaintiff Thomas Alan Benjamin filed suit in this Court. In his Complaint, Plaintiff alleged that Defendant Tim D. Coker unlawfully obtained copies of his Experian consumer report on three separate occasions: July 9, 2004; July 15, 2003; and June 19, 2003. As a result of these alleged unauthorized acquisitions of his consumer report, Plaintiff brought a variety of federal and state claims against that Defendant Coker, including: (1) willful violation of the Fair Credit Reporting Act ("FCRA"); (2) negligent violation of the FCRA; (3) violation of Arizona's consumer statutes; (4) civil conspiracy; (5) invasion of privacy; and (6) intentional infliction of mental distress.  In

1 addition, Plaintiff has brought claims for willful violation of the FCRA and civil
2 conspiracy against Defendant Sandra Hope.

3 According to Plaintiff, his consumer reports were obtained as part of a conspiracy
4 between Defendant Coker and Defendant Hope. (Dkt. 1, Compl. ¶¶ 19, 30, 44.) Plaintiff
5 alleges that Defendant Coker, an attorney who regularly reports trade line information to
6 credit reporting agencies and regularly obtains consumer reports of individuals through
7 his subscriber rights with credit reporting agencies, provides consumer reports to
8 Defendant Hope, a private investigator licensed by the State of Arizona. (Compl. ¶¶
9 6,10,11.) Plaintiff claims that the Defendant Coker did not identify, at the times he
10 obtained Plaintiff's Experian consumer reports, the name of the "end user" as required by
11 the FCRA and that he obtained the reports "under false pretenses" as that term is defined
12 by the FCRA. (Compl. ¶¶ 20, 26, 31, 37, 39, 45, 51.) Plaintiff further alleges that he
13 only became aware that Defendant Coker acquired his consumer reports after he received
14 a copy of his Experian report on May 18, 2005 and that he has never given Defendant
15 Coker permission to obtain his consumer report. (Compl. ¶¶ 17, 18.)

16 Upon motion by Defendants, the Court dismissed Count Two as against Defendant
17 Coker and Plaintiff's claims brought under A.R.S. § 44-1696. (Dkt. 25, Order dated Nov.
18 3, 2006.) The Court also dismissed the claims raised in paragraphs 28 through 55 of
19 Plaintiff's Complaint on the basis of the statute of limitations. (Dkt. 32, Order dated Feb.
20 6, 2007.) Defendants now seek summary judgment as all of Plaintiff's remaining claims.
21 (Dkt. 48, Defs.' Mot. for Summ. J.) Plaintiff objects to and seeks to strike Exhibit A to
22 Defendants' Statement of Facts (the "Hope Affidavit"). (Dkts. 59, 62, Pl.'s Mot. to
23 Strike.)

24 **STANDARD OF REVIEW**

25 A court must grant summary judgment if the pleadings and supporting documents,
26 viewed in the light most favorable to the nonmoving party, "show that there is no genuine
27 issue as to any material fact and that the moving party is entitled to judgment as a matter
28 of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

- 2 -

1 Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive
2 law determines which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242,
3 248 (1986); see also Jesinger, 24 F.3d at 1130.  "Only disputes over facts that might
4 affect the outcome of the suit under the governing law will properly preclude the entry of
5 summary judgment."  Anderson, 477 U.S. at 248.  The dispute must also be genuine, that
6 is, the evidence must be "such that a reasonable jury could return a verdict for the
7 nonmoving party."  Id.; see Jesinger, 24 F.3d at 1130.
8      A principal purpose of summary judgment is "to isolate and dispose of factually
9 unsupported claims."  Celotex, 477 U.S. at 323-24.  Summary judgment is appropriate
10 against a party who "fails to make a showing sufficient to establish the existence of an
11 element essential to that party's case, and on which that party will bear the burden of
12 proof at trial."  Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th
13 Cir. 1994).  The moving party need not disprove matters on which the opponent has the
14 burden of proof at trial.  See Celotex, 477 U.S. at 323-24.  The nonmovant "may not rest
15 upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth
16 specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see
17 Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986);
18 Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  A trial court
19 can only consider admissible evidence in ruling on a motion for summary judgment.  Fed.
20 R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).
21 **DISCUSSION**
22      Defendants seek summary judgment on the grounds that they were not in existence
23 at the time of the acts complained of, and did not cause Plaintiff's damages.  (Dkt. 48,
24 Defs.' Mot. for Summ. J. 1:18-23.)  Defendants assert that the last predicate act for
25 liability occurred on July 9, 2004, and that Defendants Hope Family Trust and
26 Matecheck, LLC were not in existence on or prior to July 9, 2004.  (Id. at 2.)  Defendants
27 further assert that there is no such entity as the Hope Family Revocable Trust.  (Id.)
28

1  Defendants submit the affidavit of Sandra Hope ("Hope Affidavit") in support of their
2  Motion.  (Dkt. 49, Defs.' Statement of Facts ("DSOF"), Ex. A.)

3  Plaintiff objects to Defendants' Exhibit A, Affidavit of Sandra Hope ("Hope
4  Affidavit"), on the grounds that the Hope Affidavit lacks proof of competency and
5  personal knowledge.  (Dkts. 59, 62, Pl.'s Mot. to Strike 2.)[1]  "A supporting or opposing
6  affidavit must be made on personal knowledge, set out facts that would be admissible in
7  evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R.
8  Civ. P. 56(e)(1).  The Hope Affidavit states "I am the Defendant in *Benjamin v. Hope*,
9  No. CV 06-1207 in United States District Court of Arizona.  I have personal knowledge
10 of all of the facts stated in this affidavit."  (DSOF, Ex. A ¶ 1.)  The affiant goes on to state
11 the dates of formation for the Trust Defendants, each of which occurred after July 9,
12 2004.  (Id. at ¶¶ 2-5.)

13 Although the affiant's attestation of personal knowledge is conclusory, it meets the
14 technical requirements of Rule 56.  Plaintiff's objection to the Hope Affidavit is on
15 technical grounds only, and does not suggest any reason why the affiant would not have
16 personal knowledge of the dates of formation.  Additionally, as discussed below, Plaintiff
17 does not dispute the underlying facts that the Hope Affidavit sets forth.  If Plaintiff
18 wished to challenge the affiant's personal knowledge, he could have requested that the
19 Court reopen discovery or requested relief under Rule 56(f).  Plaintiff did not pursue any
20 such course of action, relying solely on his technical objection to the Hope Affidavit.
21 Therefore the Plaintiff's objection to the Hope Affidavit will be overruled, and Plaintiff's
22 Motion to Strike will be denied.

---

[1] The Local Rules state that an objection to the admission of evidence offered in support of a motion for summary judgment must be presented in the objecting party's responsive memorandum or response to separate statement of facts, and not in a separate motion to strike.  LRCiv 7.2(m).  Plaintiff's position regarding the Hope Affidavit is also presented in his responsive memorandum and controverting statement of facts.  (See Dkts. 60-64.)

1 Defendants seek summary judgment on the grounds that they were not in existence
2 at the time of the acts complained of in the Complaint and did not cause Plaintiff's
3 damages. (Defs.' Mot. for Summ. J. 1, 3.) Defendants' Statement of Facts sets forth the
4 dates of formation, each of which occurred after the last predicate act for liability.
5 (DSOF ¶¶ 1-5.) Plaintiff opposes the Motion for Summary Judgment as to all Defendants
6 on the grounds that the Hope Affidavit is inadmissible. (Dkts. 61, 64.) Plaintiff
7 "disputes" Defendants' Statement of Facts for the same reason, but does not refer to any
8 evidence to show that the facts themselves are in dispute. (Dkts. 60, 63.) Plaintiff also
9 opposes the Motion for Summary Judgment as to Defendant Matecheck on the grounds
10 that Matecheck "waived its argument" that it is not a proper party to this action. (Dkt. 64
11 at 1-2.) Plaintiff does not dispute in any fashion Trust Defendants' statement that no such
12 entity as the "Hope Family Revocable Trust" exists.[2] (Compare DSOF ¶ 5 with Dkts. 60,
13 63.)

14 As discussed above, the Court will consider the Hope Affidavit. Aside from
15 Plaintiff's objection to the Hope Affidavit, Plaintiff does not provide any evidence that
16 would create a genuine issue of material fact. (See Dkts. 60, 63.) Plaintiff does not
17 dispute that the Hope Family Revocable Trust does not exist. (See id.) Therefore the
18 Court will grant summary judgment in favor of Defendants Hope Family Trust and Hope
19 Family Revocable Trust.

20 Plaintiff argues that Defendant Matecheck did not plead in its answer that it was
21 not a proper party to this action. Plaintiff further argues that Matecheck "waived" this

---

[2] In a curious practice, Plaintiff responds to Defendants Matecheck and Hope Family Trust separately, despite the fact that the Trust Defendants filed a single motion and statement of facts. Thus the docket report contains two responses to the Motion for Summary Judgment (Dkts. 61, 64) and two responses to the Statement of Facts (Dkts. 60, 63). Plaintiff similarly filed two Motions to Strike the Hope Affidavit (Dkts. 59, 62), and two replies in support thereof (Dkts. 77, 78). Neither of Plaintiff's responses to the Statement of Facts disputes paragraph 5, which states "[t]here is no such entity as the Hope Family Revocable Trust." (DSOF ¶ 5.)

1  argument, on the theory that it constitutes an affirmative defense.  An affirmative defense
2  is an assertion raising new facts and arguments that, if true, will defeat the plaintiff's
3  claim even if all allegations in the complaint are true.  Black's Law Dictionary 430 (7th
4  ed. 1999).  Matecheck's argument—that it was not in existence at the time of the acts
5  giving rise to this action—is not listed as an affirmative defense under the Federal Rules
6  of Civil Procedure.  Fed. R. Civ. P. 8(c).  Plaintiff provides no support for his contention
7  that Matecheck's argument constitutes an affirmative defense, nor any analysis as to why
8  it should be considered an affirmative defense.  Moreover, Matecheck's argument does
9  not fit the definition of an affirmative defense, as the argument does not raise new facts
10 and arguments, but simply denies Matecheck's in the events alleged in the Complaint.
11 Plaintiff's assertion that Matecheck "waived" this argument is without merit, and the
12 Court will grant summary judgment in favor of Defendant Matecheck.

13    Accordingly,

14    **IT IS HEREBY ORDERED** denying Plaintiff's Motion to Strike the Hope
15 Affidavit (Dkts. 59, 62).

16    **IT IS FURTHER ORDERED** granting Defendants' Motion for Summary
17 Judgment (Dkt. 48).  The Clerk of the Court is directed to enter judgment accordingly ant
18 terminate only Defendants Matecheck, Hope Family Trust, and Hope Family Revocable
19 Trust.  This matter will proceed as against Defendants Tim D. Coker and Sandra Hope.

20    DATED this 22nd day of May, 2008.

Stephen M. McNamee
United States District Judge

- 6 -